UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION
CASE NO. _____

| | | |
|---|---|---|
| ERIN BISHOP, Individually and on Behalf of All Others Similarly Situated | ) ) ) ) | PLAINTIFF |
| v. | ) ) ) ) | |
| SHORTER UNIVERSITY, INC. | ) ) ) ) | DEFENDANT |

* * * * * * * *

**CLASS ACTION COMPLAINT**

Plaintiff Erin Bishop (hereinafter "Plaintiff"), by Counsel, individually and on behalf of all others similarly situated, brings this Class Action Complaint against Defendant Shorter University, Inc., (hereinafter "Shorter" or "Defendant"). In support thereof, Plaintiff alleges as follows:

**INTRODUCTION**

1. Plaintiff, a former student at Shorter, brings this civil action against Defendant for its failure to safeguard and secure personally identifiable information, including names, dates of birth, social security numbers, billing information, and other types of highly confidential information (collectively "Personally Identifiable Information" or "PII") and personal health related information (collectively "Personal Health Information" or "PHI") of Plaintiff and Class Members.

2. Defendant kept and maintained files with PII and/or PHI obtained from and about

1

Plaintiff and the Class, and kept these files in an unlocked filing cabinet in an unlooked room. As a direct result, files containing PII and/or PHI of Plaintiff and the Class were stolen from Defendant's possession in or around September 2014.

3. As a direct result of Defendant's negligence, Plaintiff had her PII stolen and used by a third party for fraudulent transactions, including filing tax returns and obtaining Plaintiff's tax refund. Plaintiff was further damaged by spending money on credit monitoring and protection, and she will continue to have to spend money to protect and monitor her identity and credit in the future.

4. Defendant made no effort, or, if any effort was made, wholly inadequate efforts to notify Plaintiff and the Class of this data breach in September 2014, and Plaintiff did not find out about it until months later. As a result of Defendant's failure to take steps to notify and allow Plaintiff and the Class to mitigate their losses, Plaintiff and the Class have suffered damages.

## PARTIES

5. Plaintiff Erin Bishop is a citizen of the State of North Carolina, residing in Richland, Onslow County, North Carolina. Her husband is currently enlisted with the United States Marine Corps. Plaintiff attended Shorter University and was a member of the Shorter University cheerleading team during the 2008-2009 school year.

6. Defendant Shorter University, Inc., is a non-profit corporation licensed to do business and actually doing business in the State of Georgia, in Rome, Georgia, by and through operation of Shorter University.

## JURISDICTION AND VENUE

7. This Court has jurisdiction pursuant to 28 U.S.C. § 1332(a) as the parties are

citizens of different States, and the amount in controversy exceeds the sum or value of $75,000, exclusive of interest and costs.

8. Defendant has conducted substantial and continuous business in the State of Georgia and has offices and agents in Georgia. Thus, this Court has personal jurisdiction over Defendant.

9. Defendant, as stated above, is subject to personal jurisdiction in the Northern District of Georgia, and a substantial part of the events or omissions giving rise to this claim occurred in the Northern District of Georgia. Venue is therefore proper herein pursuant to 28 U.S.C. § 1391.

## FACTUAL ALLEGATIONS

10. Defendant owns and operates Shorter University in Rome, Georgia.

11. Plaintiff attended Shorter during the 2008-2009 school year and was a member of the Shorter cheerleading team during that time. In order to participate in cheerleading, Plaintiff had to undergo a physical examination by a doctor associated with Shorter and also had to provide medical records to Shorter. In addition, following a tumbling accident, Plaintiff underwent an examination by a physical therapist associated with Shorter, and also provided records to Shorter for x-rays taken off campus.

12. Defendant maintained records of student athletes, including Plaintiff, in hard copy format stored on its campus.

13. These records, including medical records and physical exam records, contained PII and PHI such as names, social security numbers, birthdays, and basic medical information.

14. According to the police investigator quoted in the Rome News-Tribune on

February 19, 2015, "the door to the room containing the records was not locked" because "the door was misaligned, and it was difficult to lock."

15. On September 23, 2014, Defendant discovered that records of as many as 900 former and current Shorter students had been stolen from the unlocked room by an unauthorized person. Defendant apparently notified some people by sending a letter, although Plaintiff did not receive any notification from Defendant. She did not discover the breach until she reported her stolen information to the Rome (Ga.) Police Department.

16. Defendant knew or had reason to know that the theft included medical records with PII and PHI but communicated to the public that it was uncertain if any personal information was actually obtained.

17. Plaintiff attempted to file her tax returns on January 28, 2015, and was notified by her tax preparer that someone had already used her social security number and other PII to file her tax returns and obtain her tax refund.

18. According to news accounts, more than thirty (30) people whose records were stolen from Shorter's unlocked room have had similar fraudulent tax returns filed with their PII.

19. According to the same news account, Shorter did not return several calls for comment and has not explained why it communicated to the public and the Class that it was uncertain PII was stolen when it knew that medical records containing PII and PHI had been taken.

20. Plaintiff has overpaid tuition in the expectation that a portion would be spent to adequately protect her PII and PHI, which Defendant did not do. The funds collected from Plaintiff and not used to adequately protect her PII and PHI is money wrongfully collected by

Defendant for services it did not provide

21. As a result of the breach, Plaintiff has not been able to receive her tax refund and has had to spend money on credit monitoring and protection services and will continue to pay a monthly fee for credit monitoring and protection services. In addition, Plaintiff's husband, a Lance Corporal and Electrical Engineer with the United States Marine Corps, is also not able to file a tax return or receive a tax refund because Plaintiff and her husband file joint tax returns. The inability to file a tax return and receive a refund has greatly affected Plaintiff and her husband, as the money from their tax return was earmarked for assisting with their mortgage, contributing to their daughter's college fund, and paying down student loan payments -  loans which were incurred while Plaintiff was a student at Shorter.

## CLASS ACTION ALLEGATIONS

22. This action may be brought and properly maintained as a class action pursuant to the provisions of Rule 23 of the Federal Rules of Civil Procedure, *et seq*.  Plaintiff brings this action on behalf of herself and a class of all others similarly situated.

23. Plaintiff brings this class action on behalf of the following class:

**All individuals whose PII and/or PHI was stolen from the files of Defendant in September 2014.**

24. In accordance with Rule 23 of the Federal Rules of Civil Procedure, the Class is so numerous that joinder of all members is impracticable.  While the exact number is not known at this time, it is generally ascertainable by appropriate discovery, and it is believed the class includes up to 900 members.

25. In accordance with Rule 23 of the Federal Rules of Civil Procedure, there are questions of law and fact common to the Class and which predominate over any individual

issues. Common questions of law and fact include, without limitation:

a. Whether Defendant owed a duty to the class members under the applicable statutes and law;

b. Whether Defendant failed to use reasonable care to secure and safeguard Plaintiff and the Class's PII and PHI;

c. Whether Defendant's conduct constitutes breach of implied contract;

d. Whether Plaintiff and the Class are entitled to damages, injunctive relief, or other equitable relief;

e. Defendant's vicarious liability for the actions of its employees;

f. Whether Defendant fraudulently misrepresented the scope of the data theft in September 2014, and/or failed to notify Plaintiff and the Class of the theft in violation of Georgia law;

g. The extent of damages caused by Defendants' willful violations.

26. Plaintiff's claims are typical of the Class. As with members of the Class, Plaintiff's PII and PHI was stolen because Defendant failed to properly safeguard her data under lock and/or key. Plaintiff's interests coincide with, and are not antagonistic to, those of the other class members.

27. In accordance with Rule 23 of the Federal Rules of Civil Procedure, Plaintiff will fairly and adequately represent and protect the interests of the Class.

28. Plaintiff has retained counsel experienced in the prosecution of class action litigation and counsel will adequately represent the interests of the Class.

29. Plaintiff and her counsel are aware of no conflicts of interests between Plaintiff

and absent Class members or otherwise;

30.	Plaintiff has or can acquire adequate financial resources to assure that the interests of the Class will not be harmed; and

31.	Plaintiff is knowledgeable concerning the subject matter of this action and will assist counsel to vigorously prosecute this litigation.

32.	In accordance with Rule 23 of the Federal Rules of Civil Procedure, *et seq*, the class litigation is an appropriate method for fair and efficient adjudication of the claims involved. Class action treatment is superior to all other available methods for the fair and efficient adjudication of the controversy alleged herein; it will permit a large number of individual citizens of the State of Georgia to prosecute their common claims in a single forum simultaneously, efficiently, and without the unnecessary duplication of evidence, effort and expense that numerous individual actions would require. Class action treatment will also permit the adjudication of relatively small claims by certain class members, who could not individually afford to litigate a complex claim against a large corporate defendant. Further, even for those class members who could afford to litigate such a claim, it would still be economically impractical, as the cost of litigation is almost certain to exceed any recovery they would obtain.

33.	Plaintiff is unaware of any difficulty likely to be encountered in the management of this case that would preclude its maintenance as a class action.

## COUNT I
## NEGLIGENCE

Plaintiff, individually and on behalf of all others similarly situated, for this Count, alleges the following:

34.	Plaintiff repeats, realleges, and incorporates by reference paragraphs 1-33 as if

fully set forth herein.

35. Defendant owed Plaintiff and the class a duty of reasonable care to protect their PII and PHI in its custody and control, and/or assumed a duty to protect that data by collecting and maintaining the PII and PHI in their offices. This duty includes following the standards and procedures under the HIPAA Security Standard and other federal and state statutes for the safeguarding of medical records, PII and PHI.

36. Defendant violated its duty of reasonable care by failing to store sensitive and private records containing PII and PHI in a safe manner that would protect this information from anyone who wanted to see it, use it, or take it.

37. Defendant also failed to comply with HIPAA data security standards, statutes and/or regulations prohibiting the storage of unprotected sensitive personal information.

38. As a direct and proximate result of Defendant's negligence, Plaintiff and the Class have been damaged by the theft and fraudulent use of their PII and PHI, including, but not limited to, the loss of their PII and PHI, fraudulent activity associated with the use of their compromised PII and PHI, and the loss of money and costs incurred as a result of the identity theft and/or the increased risk of identity theft, all of which have ascertainable value to be proven at trial.

## COUNT II
## BREACH OF IMPLIED CONTRACT

Plaintiff, individually and on behalf of all others similarly situated, and for this Count, alleges the following:

39. Plaintiff repeats, realleges, and incorporates by reference paragraphs 1-33 as if fully set forth herein.

40. Plaintiff and the Class, by participating in athletics and providing Defendant with their medical records and/or physical examinations, entered into an implied contract with Defendant whereby Defendant became obligated to reasonably safeguard Plaintiff and the Class's sensitive, non-public information.

41. Plaintiff and the Class members would not have entrusted their medical records, PII and PHI to Defendant in the absence of such an implied contract.

42. Plaintiff and the Class members fully performed their obligations under the implied contract with Defendant.

43. Defendant breached the implied contract with Plaintiff and the Class by failing to take reasonable measures to safeguard their financial data and by failing to provide timely and accurate notice to them that their PII was compromised as a result of the theft.

44. As a direct and proximate result of Defendant's breach of the implied contracts between it and Plaintiff and the Class members, Plaintiff and the Class members suffered and will continue to suffer damages, including, but not limited to, the loss of their PII and PHI, fraudulent activity associated with the use of their compromised PII and PHI, and the loss of money and costs incurred as a result of the identity theft and/or the increased risk of identity theft, all of which have ascertainable value to be proven at trial.

## COUNT III
## BREACH OF FIDUCIARY DUTY

Plaintiff, individually and on behalf of all others similarly situated, and for this Count, alleges the following:

45. Plaintiff repeats, realleges, and incorporates by reference paragraphs 1-33 as if fully set forth herein.

46. Plaintiff and Class Members, as student athletes undergoing physicals and/or providing medical records to Defendant and competing on Defendant's behalf, have a special relationship with Defendant. Defendant owes a fiduciary duty to Plaintiff and Class Members to keep their PHI and PII private and confidential and to protect it from misuse by others.

47. Defendant breached the fiduciary duty it owed to Plaintiff and Class Members by failing to adequately safeguard their PHI and PII against unauthorized disclosure and misuse.

48. Defendant further breached the fiduciary duties it owed to Plaintiff and Class Members by failing to timely and adequately notify them of the breach of their PHI and PII and misleading them about the nature of the breach and the information stolen.

49. Defendant's failure to adequately safeguard Plaintiff's and Class Members' PHI and PII has resulted in losses and damages to Plaintiff and members of the Class.

## COUNT IV
## COMMON LAW FRAUD AND MISREPRESENTATION

Plaintiff, individually and on behalf of all others similarly situated, for this Count, alleges the following:

50. Plaintiff repeats, realleges, and incorporates by reference paragraphs 1-33 as if fully set forth herein.

51. Defendant has engaged in a common fraud and/or misrepresentation.

52. Defendant knew of the theft on or about September 23, 2014, and knew that the theft included at least two files full of medical records and physical examination records that contained names, birthdays, Social Security numbers, and other identifying information.

53. Despite this actual knowledge, Defendant failed to communicate the theft to

Plaintiff and the Class.

54. Instead, on September 25, 2014, Shorter sent a letter to former student-athletes warning them to keep a close eye on their credit and financial records, but indicating that it was "uncertain if any personal information was actually obtained during the unauthorized access."

55. According to a news article in the Rome Tribune on September 29, 2014, Defendant informed the public that the records were kept in a locked room and that the door was broken. However, a police investigation later found that the door had not actually been locked.

56. Finally, Plaintiff overpaid tuition in the expectation that a portion would be spent to adequately protect her PII and PHI by Defendant, Defendant wrongfully collected and kept this money, and Defendant did not provide adequate service to protect Plaintiff and the Class' PII and PHI.

57. These misrepresentations, omissions and failures to notify Plaintiff and members of the Class that their medical records had been stolen and as a result their PII and PHI had been stolen were material misrepresentations and omissions.

58. Plaintiff and the Class are presumed to have justifiably relied on Defendant's omissions and failures to disclose in not taking steps to safeguard their financial information, change their Social Security numbers or communicate to the IRS that their financial information had been stolen and therefore prevent the fraudulent tax returns filed by a third party.

59. As a direct and proximate result of Defendant's common scheme of fraud, Plaintiff and Class were damaged, and are entitled to disgorgement

**PRAYER FOR RELIEF**

WHEREFORE, Plaintiff, on behalf of herself and the members of the Class, demands

judgment as follows:

- A. A determination that this action is a proper class action maintainable pursuant to Rule 23 of the Federal Rules of Civil Procedure for compensatory, consequential, and statutory damages as alleged herein;

- B. For pre-judgment interest from the date of filing this suit;

- C. For reasonable attorney's fees and expenses;

- D. For exemplary and punitive damages;

- E. For all costs of this proceeding;

- F. A preliminary injunction enjoining Defendant and all others, known and unknown, from continuing to take unfair, deceptive, illegal and/or unlawful action as set forth in this Complaint; and

- G. Such other and further relief as this Honorable Court finds just and proper under the circumstances.

## JURY DEMAND

WHEREFORE, as to each of the foregoing matters, Plaintiff demands a trial by jury on all issues so triable as a matter of right.

Dated: February 20, 2015                    Respectfully submitted,

*/s/ Andrew Lee Hagenbush*
Andrew L Hagenbush
Attorney for Plaintiff
Georgia Bar No. 127945
Morgan and Morgan Atlanta, PLLC
Mailing: P.O. BOX 57007,
Atlanta, GA 30343-1007
191 Peachtree Street NE, Suite 4200
Atlanta, GA  30303

MORGAN & MORGAN COMPLEX
LITIGATION GROUP
John A. Yanchunis*
Rachel Soffin
Ga. Bar No. 255074
201 N. Franklin St., 7th Floor
Tampa, FL 33602
Telephone: (813) 223-5505
Facsimile: (813) 222-2434
jyanchunis@forthepeople.com
rsoffin@forthepeople.com

Law Offices of Paul C. Whalen, P.C.
Paul C. Whalen (PW 1300)*
768 Plandome Road
Manhasset, NY 11030
Telephone: (516) 426-6870
Facsimile : (212) 658-9685

Rhine Law Firm, P.C.
Joel Rhine*
jrr@rhinelawfirm.com
1612 Military Cutoff
Suite 300
Wilmington, NC 28403
910.772.9960

JONES WARD PLC
Jasper D. Ward IV (92160KY)*
Alex C. Davis (94899KY)*
Marion E. Taylor Building
312 South Fourth Street, Sixth Floor
Louisville, Kentucky 40202
P: (502) 882- 6000
F: (502) 587-2007
jasper@jonesward.com
alex@jonesward.com

Tina Wolfson*
Robert Ahdoot*
Bradley King*
**AHDOOT & WOLFSON, PC.**
1016 Palm Avenue
West Hollywood, CA 90069

13

Tel: (310) 474-9111
Fax: (310) 474-8585
Email: twolfson@ahdootwolfson.com
Email: rahdoot@ahdootwolfson.com
Email: bking@ahdootwolfson.com

***Attorneys for Plaintiff and the Proposed Class***
***\*To Be Admitted Pro Hac Vice***