IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ROME DIVISION

ERIN BISHOP, et al.,

Plaintiffs,

v.

SHORTER UNIVERSITY, INC.,

Defendant.

CIVIL ACTION NO.

4:15-CV-0033-HLM

## ORDER

This case is before the Court on Defendant's Motion to Compel Complete Response to interrogatory No. 7 and a Complete Production to Request for Production Nos. 4, 10, 11, and 20 ("Motion to Compel") [57].

## I.   Background

Defendant seeks an Order compelling Plaintiff to fully respond to Plaintiff's discovery requests, including an interrogatory and requests for production.   (See generally Mot. Compel (Docket Entry No. 57).)[1]   Specifically, Defendant seeks responses to the following discovery requests.

Defendat's First Set of Continuing Interrogatories ("First Interrogatories"), Interrogatory No. 7, stated:

> Not including any amounts listed in your response to Interrogatory No. 6, please state with specificity what damage, if any, you have incurred in connection with the theft of records from Defendant's campus, SPECIFY any and all documents that you contend support said position,

---

[1] On August 4, 2015, almost exactly one year ago, the Court entered a Scheduling Order bifurcating discovery into two parts: (1) class certification and jurisdictional discovery and (2) merits discovery.  (Scheduling Order (Docket Entry No. 33).)  The case is still in the first phase.

2

and IDENTIFY each and every witness you rely upon to support such contention.

(Def.'s First Interrogs. (Docket Entry No. 57-6) at 5 (emphasis in original).)[2]

Each named Plaintiff responded separately to Defendant's First Interrogatories.   (See generally Mot. Compel Ex. F (Docket Entry No. 57-7).)   In response to Interrogatory No. 7, each named Plaintiff included, in part, the same objections and response:

Plaintiff objects to this interrogatory as premature given that discovery has not yet concluded. Plaintiff

---

[2] Interrogatory No. 6 directed:

Please state the amount of any tax refund, both state and federal that you contend you were, or are entitled to for 2014 and that you have not received, and SPECIFY any and all documents that you contend support said position, and IDENTIFY each and every witness you rely upon to support such contention.

(Def.'s First Interrogs at 5 (emphasis in original).)

3

also objects to this interrogatory on the basis that it seeks premature disclosure of expert opinions….

Plaintiff is also seeking temporal damages to consist of having to make numerous phone calls and online disputes to ensure no further identity theft. In addition, based upon the lack of discovery to date, Plaintiff is unable to determine what additional damages she may sustain in the future from the breach.

(See e.g., Pl. Williams Resp. Def.'s First Interrogs. (Docket Entry No. 57-7) at 5.)  The named Plaintiffs also provided individualized responses:

(1) "Subject to and without waiving the foregoing general and specific objections, Plaintiff states that he pays for credit monitoring service, tax preparation fees and postage fees to file her tax return." (Id.)

(2) "Subject to and without waiving the foregoing general and specific objections, Plaintiff states

4

she incurred charges for postage for filing her returns, and tax preparation fees. She also had to use her credit card and accrue interest while waiting for her tax return to become available." (Pl. Owens Resp. Def.'s First Interrogs. (Docket Entry No. 57-7) at 5.)

(3) Subject to and without waiving the foregoing general and specific objections, Plaintiff states he has incurred travel expenses (approximately 350 miles of travel) traveling from Shorter to his home address to discuss actions to be taken. He has incurred postage for filing returns and countless hours dealing with this matter including discussing with the IRS, taxpayer advocacy, the police, Shorter and his attorneys. Plaintiff further states he

had to borrow money from his roommate for his expenses.   (Pl. Hinchman Resp. Def.'s First Interrogs. (Docket Entry No. 57-7) at 5.)

(4) "Subject to and without waiving the foregoing general and specific objections, Plaintiff states that she paid for postage fees to file her tax return."   (Pl. Green Resp. Def.'s First Interrogs. (Docket Entry No. 57-7) at 5.)

(5) "Subject to and without waiving the foregoing general and specific objections, Plaintiff states that he has paid tax preparation fees and postage fees to file his tax return. He further states that once his current credit monitoring service expires, he will be forced to pay for another service."   (Pl. Dyer Resp. Def.'s First Interrogs. (Docket Entry No. 57-7) at 5.)

6

(6) "Subject to and without waiving the foregoing general and specific objections, Plaintiff states that she paid for tax preparation fees and postage fees to file her tax return." (Pl. Davis Resp. Def.'s First Interrogs. (Docket Entry No. 57-7) at 5.)

(7) "Subject to and without waiving the foregoing general and specific objections, Plaintiff states that she paid for postage fees to file her tax return." (Pl. Clark Resp. Def.'s First Interrogs. (Docket Entry No. 57-7) at 5.)

(8) "Subject to and without waiving the foregoing general and specific objections, Plaintiff states she incurred a fee to mail her tax returns to the Internal Revenue Service." (Pl. Broome Resp.

7

Def.'s First Interrogs. (Docket Entry No. 57-7) at 5.)

(9) "Subject to and without waiving the foregoing general and specific objections, Plaintiff states she had postage and mailing fees to mail her tax return to the Internal Revenue Service." (Pl. Brewington Resp. Def.'s First Interrogs. (Docket Entry No. 57-7) at 5.)

(10) "Subject to and without waiving the foregoing general and specific objections, Plaintiff states that she continues to pay for credit monitoring service through Transunion, tax preparation fees and postage fees to file her tax return." (Pl. Bishop Resp. Def.'s First Interrogs. (Docket Entry No. 57-7) at 5.)

(11) "Subject to and without waiving the foregoing general and specific objections, Plaintiff states she had to pay postage fees to mail in her tax return."   (Pl. Albertson Resp. Def.'s First Interrogs. (Docket Entry No. 57-7) at 5.)

Defendant contends that these responses are insufficient because it "is entitled to know the exact amount that each Plaintiff claims to have incurred to-date in out-of-pocket expenses that he or she believes was caused by [Defendant's] purported negligence and that each Plaintiff seeks to recover from [Defendant], and the identity of the documents and witnesses that each Plaintiff intends to rely upon." (Br. Supp. Mot Compel (Docket Entry No. 57-1) at 8.) Defendant further argues that "[t]his information is critical in the class/jurisdictional phase of discovery because, as previously presented to the Court, [Defendant] contends that

the $5,000,000 amount-in-controversy requirement under the Class Action Fairness Act cannot be met as a legal certainty." (Id. at 9.)

Defendant also seeks more complete responses, related to out-of-pocket expenses, to its First Request for Production of Documents Nos. 4, 10, 11, and 20. (Br. Supp. Mot. Compel at 11.) Request No. 4 stated: "Please produce all Documents and things SPECIFIED in your answer to Interrogatory No. 7." (Def.'s First Req. for Produc. of Docs. (Docket Entry No. 57-8) at 6 (emphasis in original).) Plaintiffs responded with the following objections:

> Plaintiff incorporates his general objections as though fully set forth herein. Plaintiff further objects to this Request as premature as discovery has not yet concluded. Plaintiff also objects to this Request on the basis that it seeks premature disclosure of expert opinions. In addition, the objections that Plaintiff lodged in response to Interrogatory No. 7 are fully incorporated herein by reference.

10

Subject to and without waiving the foregoing general and specific objections, Plaintiff will produce relevant, responsive, non-privileged documents, to the extent such documents exist, have not already been produced, and can be located after a reasonably diligent search, and in accordance with the Federal Rules of Civil Procedure and the Scheduling Order in this matter. Discovery is continuing and Plaintiff will supplement as necessary.

(See e.g., Pls.' Resp. Def.'s First Req. for Produc. of Docs. (Docket Entry No. 57-9) at 4.)[3]

Request No. 11 stated: "Please produce all Documents that reflect or evidence any costs, expenses, or out-of-pocket expenses that you have incurred as a result of the alleged identify theft and that you contend Defendant is liable for. (Def.'s First Req. for Produc. of Docs. at 7.)   Plaintiffs responded:

---

[3] Plaintiffs all made the same responses to Requests Nos. 4, 10, 11, and 20.   The Court thus cites the first example of those responses as representative of all named Plaintiffs.

11

Plaintiff incorporates his general objections as though fully set forth herein. Plaintiff further objects to this request as vague, ambiguous, intended to harass, unduly burdensome and overbroad to the extent it seeks "all" documents, a term which itself is broadly defined. Further, Plaintiff objects to this request as premature given that discovery has not yet concluded. Plaintiff also objects to this Request on the basis that it seeks premature disclosure of expert opinions.

Subject to and without waiving the foregoing general and specific objections, Plaintiff will produce or make available for inspection any non-privileged documents that they may be able to identify as responsive to this request, to the extent such documents exist, have not already been produced, and can be located after a reasonably diligent search. Discovery is continuing and Plaintiff will supplement as necessary.

(See e.g., Pls.' Resp. Def.'s First Req. for Produc. of Docs. at 6.)

Request No. 20 stated: "Please produce all Documents that relate to any damages you are claiming in this suit."

(Def.'s First Req. for Produc. of Docs. at 9.)  Plaintiffs offered

the following response:

> Plaintiff incorporates his general objections as though fully set forth herein. Plaintiff further objects to this Request as premature as discovery has not yet concluded. Plaintiff also objects to this Request on the basis that it seeks premature disclosure of expert opinions.
>
> Subject to and without waiving the foregoing general and specific objections, Plaintiff will produce relevant, responsive, non-privileged documents, to the extent such documents exist, have not already been produced, and can be located after a reasonably diligent search, and in accordance with the Federal Rules of Civil Procedure and the Scheduling Order in this matter. Discovery is continuing and Plaintiff will supplement as necessary.

(See e.g., Pls.' Resp. Def.'s First Req. for Produc. of Docs. at

10.)

According to Defendant, Plaintiffs have produced 213

pages of documents, and, out of that, only two named

Plaintiffs "have produced documents showing the amount of

13

an out-of-pocket expense." (Br. Supp. Mot. Compel at 12.) Specifically, Defendant says these documents--Bates-labeled Shorter 00025 and Shorter 00094--reflect tax preparation costs. (<u>Id.</u>)

Next, Defendant seeks production of Plaintiff's 2012 and 2013 tax returns as sought in Request No. 10, which stated: "Please produce a copy of your full 2012, 2013, and 2014 federal and state income tax returns." (Def.'s First Req. for Produc. of Docs. at 7.) Plaintiffs objected, in part, to Request No. 10:

> Plaintiff incorporates her general objections as though fully set forth herein. Plaintiffs further objects to this request as seeking documents that are not relevant to this case and not reasonably calculated to lead to the discovery of admissible evidence. Plaintiff further objects to this request as overbroad to the extent they seek disclosure of information regarding Plaintiff's 2012 and 2013 tax returns, which are not at issue in this matter. In addition, Plaintiff objects to this request to the

14

extent that it seeks disclosure of private, sensitive and/or confidential information.

Subject to and without waiving the foregoing general and specific objections, Plaintiff will produce relevant, responsive, non-privileged documents, to the extent that such documents exist, have not already been produced, and can be located after a reasonably diligent search, regarding her 2014 tax returns. Discovery is continuing and Plaintiff will supplement as necessary.

(See e.g., Pls.' Resp. Def.'s First Req. for Produc. of Docs. at 6.)  Defendant seeks production of Plaintiffs' unredacted tax returns for 2014.  (Br. Supp. Mot. Compel at 15.)

Finally, Defendant asks for its attorneys' fees related to bringing this Motion to Compel.  (Br. Supp. Mot. Compel at 16.)

15

## II.   Discussion

Federal Rule of Civil Procedure 26(b)(1), which governs

the scope of discovery in civil actions filed in federal courts,

provides:

> **Scope in General.** Unless otherwise limited by
> court order, the scope of discovery is as follows:
> Parties may obtain discovery regarding any
> nonprivileged matter that is relevant to any party's
> claim or defense and proportional to the needs of
> the case, considering the importance of the issues
> at stake in the action, the amount in controversy,
> the parties' relative access to relevant information,
> the parties' resources, the importance of the
> discovery in resolving the issues, and whether the
> burden or expense of the proposed discovery
> outweighs its likely benefit. Information within this
> scope of discovery need not be admissible in
> evidence to be discoverable.

Fed. R. Civ. P. 26.   The Court applies the above

standard when evaluating the Motion to Compel.

According to Plaintiffs, they produced additional

documents to Defendant on July 20, 2016, which is after the

16

filing of the Motion to Compel.  (Resp. Mot. Compel at 2.)

Defendant replies, indicating that Plaintiffs' 218-page

supplemental production actually contained "a nearly

complete re-production of Plaintiffs' prior production…and

four new pages of documents." (Reply Mot. Compel (Docket

Entry No. 63) at 2.)  Plaintiffs' Response does not seem to

directly address Interrogatory No. 7 and it does not appear

that Plaintiffs have supplemented their responses to

Interrogatory No. 7.[4]  Plaintiffs' produced documents, from

their labels, appear to speak to the mere fact that Plaintiffs

have been damaged and do serve as support for an <u>amount</u>

of damages.  The Court acknowledges that Plaintiffs seek

some damages that are unspecified and unquantifiable,

including "temporal" damages, but Plaintiffs have not

---

[4]  Defendant says "not one of the named Plaintiff[s] has supplemented his/her response to Interrogatory No. 7." (Reply Mot. Compel at 2.)

17

specified, as far as the Court can tell, which documents support other quantifiable claims for damages such as postage or credit monitoring expenses.   Indeed, Plaintiffs' Response consists largely of generalized and unsupported legal conclusions that Plaintiffs have complied with discovery.   Plaintiffs' Response, in large part, discusses discovery generally with almost no specific response to the Requests and Interrogatories at issue in this Motion to Compel.

Nonetheless, the Court endeavors to determine each of the specific discovery issues raised by the Motion to Compel infra.

## A.   Interrogatory No. 7 and Requests Nos. 4, 11, and 20

The Court agrees with Defendant that Plaintiffs' amount of damages, including amount of out-of-pocket expenses, is

18

relevant to the jurisdictional inquiry, specifically the amount in controversy requirement of Class Action Fairness Act.  See Lenau v. Bank of Am., N.A., 131 F. Supp. 3d 1003, 1005 (E.D. Cal. Sept. 16, 2015) ("Further, the court has discretion 'to allow discovery relevant to jurisdictional amount prior to [determining whether a case should be] remand[ed].'" (alterations in original) (quoting Abrego Abrego v. The Dow Chem. Co., 443 F.3d 676, 691 (9th Cir. 2006))).  Plaintiffs have impliedly conceded the relevance of these requests as Plaintiffs' Response endeavors to show that Plaintiff has complied by producing "numerous documents."

While the documents outlined in Exhibit A to Plaintiffs' Response may indeed be relevant, Plaintiffs have not fully answered Interrogatory No. 7.  (See generally Resp. Mot. Compel Ex. A (Docket Entry No. 60-1).)  Nor have Plaintiffs responded fully to Requests Nos. 4, 11, and 20.   For

instance, Plaintiff Brewington's only specifically claimed damages are for "postage and mailing fees."   Response Exhibit A, however, does not list any documents related to postage or mailing.  (Resp. Mot. Compel Ex. A at 2.)  Plaintiff Brewington's answer to Interrogatory No. 7 also does not indicate on what documents or witnesses he relies on to support his claim for damages.  Plaintiff Brewington may not have those documents, but the Court cannot tell from Plaintiffs' Response to the Motion to Compel or answer to Interrogatory No. 7 whether or not that is the case.   For further example, Plaintiff Dyer claims to have "paid tax preparation fees," but Exhibit A does not list an invoice or receipt for those fees.  (Id. at 3.)  Additionally, Plaintiff Dyer's response to Interrogatory No. 7 does not provide so much as an estimate for the amount of "tax preparation fees" or

20

specify on what documents or witnesses Plaintiff Dyer relies to support his claim for damages.

Another federal district court addressed a similar set of circumstances, including a similar interrogatory and response, and concluded that the plaintiff's response was inadequate:

> First, Defendant contends Plaintiff has failed to adequately respond to its Interrogatory No. 11, which asked Plaintiff to:
>
>> [l]ist each item of expense or damage, other than loss of income or earning capacity, that you claim to have incurred as a result of the incident described in the complaint, giving for each item the date incurred, the name and business address to whom each was paid or is owed, and the goods or services for which each was incurred.
>
> (Doc. 19, p. 1). Rather than provide any specifics, Plaintiff simply listed several categories of damages, such as "past and future pain and suffering, past and future medical expenses," etc. In his response to the Motion to Compel, Plaintiff

21

took the position that his response was appropriate because he "will have to rely on his treating physicians in order to determine future medical needs, if any." (Doc. 21, p. 1). Plaintiff states that as soon as he is able to determine what his future medical needs will be, he will provide that information to Defendant. Id. This is not sufficient. This case has been pending for nearly five months. Information regarding Plaintiff's damages is clearly relevant and information to which the Defendant is entitled. As another court held:

> while an expert ... may be necessary to refine the evidence of their losses, the plaintiffs must have had some factual basis for concluding they had sustained losses at the time the complaint was filed. Rule 11, Fed.R.Civ.P., requires no less. Rule 11 is designed to insure that allegations in a complaint, drafted by a member of the Bar, are supported by sufficient factual information at the time the claims are initially asserted. It is no answer for plaintiffs to assert that they will need discovery or to consult with an expert to determine their losses. They should have answered the interrogatories with such information as they then possessed, and pursuant to Rule 26(e), Fed.R.Civ.P. the plaintiffs have the option, indeed even the duty, to

> supplement their answers to these interrogatories to reflect refinements or corrections to the factual representations as to their asserted losses up to the time of the final pretrial conference under Rule 16, Fed.R.Civ.P.
>
> King v. E.F. Hutton & Co., Inc., 117 F.R.D. 2, 5–6 (D.D.C.1987); see also Oliver v. City of Orlando, No. 6:06–cv–1671–Orl–31 DAB, 2007 WL 3232227, at \*3 (M.D.Fla. Oct.31, 2007) (noting that Rule 26 requires a party to "make its initial disclosures based on the information then reasonably available to it" and the party is "not excused from making its disclosures because it has not fully completed its investigation of the case ..."). Likewise, in this case, Plaintiff must answer Interrogatory No. 11 and provide his Rule 26(a)(1)(iii) disclosure with the information he now possesses and is obligated to supplement his response after his treating physician or other expert has made further calculations.

Favreau v. Walmart Stores E., L.P, No. 3:10-CV-877-J-34MCR, 2011 WL 721504, at \*1–2 (M.D. Fla. Feb. 22, 2011) (footnote omitted).  The same reasoning applies to this case,

and Plaintiffs' responses to Interrogatory No. 7 are inadequate.

While Plaintiffs' damages may not all be quantifiable at this time, the Court finds that it would be reasonable for Plaintiffs to at least supply some specificity as to the amount of out-of-pocket expenses for each Plaintiff. Defendant is entitled to know the amounts claimed. Additionally, answering Interrogatory No. 7 should not be unduly burdensome, time consuming, or cost prohibitive. Plaintiffs have provided no real reason or specific proof of why responding to Interrogatory No. 7 would be disproportional to the case, especially in light of its purported five million dollar value. Plaintiffs also should indicate what evidence, documents, or witnesses, support their claims for <u>amounts</u> of damages. The Court thus grants this portion of the Motion to Compel and orders Plaintiffs to respond fully to Interrogatory

No. 7 and Requests Nos. 4, 11, and 20.  Specifically, in response to Interrogatory No. 7, Plaintiffs should indicate: (1) the specific dollar amounts that each named Plaintiff contends he or she spent out-of-pocket as a result of Defendant's alleged negligence; (2) to what type of expense each dollar amount related; (3) documents that reflect and evidence the amounts expended; and (4) any witnesses that have information about the expenses.

## B.   Request No. 10

Plaintiffs' objections to producing unredacted and historical tax returns are clearer.  First, Plaintiffs indicate that they have now produced largely unredacted 2014 tax returns.  (Resp. Mot. Compel at 3.)  For that, Plaintiffs are to be commended.   To the extent Plaintiffs have produced theses 2014 tax returns with minimal redactions, this portion

25

of the Motion to Compel is moot.[5]   Second, Plaintiffs argue that, despite their production, "there is absolutely no justifiable reason why Defendant would require any information in addition to the refund amount."[6]   (Id.) Plaintiffs, however, have alleged that their "future tax filings will be impacted" (First Am. Compl. (Docket Entry No. 3) ¶ 41), that Plaintiffs will suffer "significant economic hardship in the months and years to come" (id. ¶ 4) and that they "are entitled to recover for expenditures… to avert future harm" (id. ¶ 83), as well as "long-term damages for the compromised [personal identifying information] and [personal

---

[5] Defendant's Reply indicates that Plaintiff Davis produced her 2013 federal and state tax returns but not her 2014 tax returns and that Plaintiff Broome has not produced her 2014 federal tax return.   (Reply Mot. Compel at 11.)  The Court directs Plaintiffs Davis and Broome to produce their 2014 state and federal tax returns.

[6] Despite Plaintiffs' production of less-redacted 2014 returns, these arguments are still relevant to the request for 2012 and 2013 returns.

health information]" (Pls.' Resp. Show Cause Order (Docket Entry No. 20) at 7).  The Court agrees with Defendant that more complete tax returns "are needed to determine the basis for the tax refund," because, for instance, amounts of future damages could be different if a Plaintiff had, for 2014, "an atypical refund based on a non-repeating event."  (Br. Supp. Mot. Compel at 15 & n. 13.)  In other words, the total refund amount may be relevant for the 2014 year but the details of the return may be relevant for calculating these future damages.[7]

Third, Plaintiffs argue that Defendant admitted "that the refund amount is the only relevant figure."  (Resp. Mot. Compel at 4.)  The Court, however, finds no such admission

---

[7] Plaintiffs do not appear to argue that their future damages claims are not based on the amounts of their tax refunds, and thus the Court does not address that possibility.  (See generally Resp. Mot. Compel.)

in Defendant's Motion.  Fourth, Plaintiffs state that they are ready and willing to sit for their depositions.  The Motion, however, does not seek to compel these depositions.

With respect to the 2012 and 2013 tax returns, Plaintiffs contend that "Defendants have produced no data or support for their position that previous tax returns are relevant or proportional to the needs of this case pursuant to Federal Rule of Civil Procedure 26." (Resp. Mot. Compel at 6.)  The Court disagrees.  Defendant has explained how past returns may be relevant to estimating Plaintiffs' future damages. Plaintiffs have no reason why this discovery would be disproportional to the case.  Plaintiffs insist that the amount of damages in this case exceeds five million dollars.  (See generally First Am. Compl. and Pls.' Resp. Show Cause Order.)  Given that large value, producing two extra tax

returns for each named Plaintiff is proportional to the needs of the case.

Based on the foregoing reasons, the Court grants this portion of the Motion to Compel and orders Plaintiffs to produce their 2012 and 2013 tax returns.

### C.   Attorneys' Fees

Federal Rule of Civil Procedure 37(a)(5) provides:

**(A)** *If the Motion Is Granted (or Disclosure or Discovery Is Provided After Filing).* If the motion is granted--or if the disclosure or requested discovery is provided after the motion was filed--the court must, after giving an opportunity to be heard, require the party or deponent whose conduct necessitated the motion, the party or attorney advising that conduct, or both to pay the movant's reasonable expenses incurred in making the motion, including attorney's fees. But the court must not order this payment if:

**(i)** the movant filed the motion before attempting in good faith to obtain the disclosure or discovery without court action;

29

> **(ii)** the opposing party's nondisclosure, response, or objection was substantially justified; or

> **(iii)** other circumstances make an award of expenses unjust.

Fed. R. Civ. P. 37(a)(5).   Federal Rule of Civil Procedure 37(a)(5)(A) requires a court to "impose attorneys' fees and expenses when granting a motion to compel discovery unless the party or attorney was substantially justified in resisting discovery, or other circumstances make an award of expenses unjust."   Mohawk Indus., Inc. v. Interface, Inc., Civil Action File No. 4:07-CV-0212-HLM, 2008 WL 5210420, at *4 (N.D. Ga. Dec. 3, 2008).   "Substantially justified means that reasonable people could differ as to the appropriateness of the contested action."   Id. (internal quotation marks and citation omitted).

In this case, the Motion to Compel is granted. Defendant acted in good faith to obtain the disclosures

before bringing the matter to the Court.  Plaintiffs provided no reasonable justification for their failure to respond.  For some of the documents at issue, Plaintiffs agreed to produce the documents but did not do so until after the Motion was filed. For others, Plaintiffs had no reasonable basis to oppose their production or for their failure to respond.  No other circumstances make an award of expenses unjust.

Plaintiffs oppose the award of attorneys' fees solely on the basis that "Plaintiffs have made a good faith effort to locate documents responsive to Defendant's discovery requests, and have produced substantial and significant documents to Defendant."  (Resp. Mot. Compel at 6.) Plaintiffs' argument does not address the requirements of Rule 37(a)(5).  No finding of willfulness or bad faith is necessary to impose a monetary sanction.  BankAtlantic v. Blythe Eastman Paine Webber, Inc., 12 F.3d 1045, 1049

(11th Cir. 1994). The Court makes no such finding in this case. Finally, Plaintiffs, while showing that they have conducted some discovery in this case, have not shown either that they made any effort to respond completely to Interrogatory No. 7 or to find any documents responsive to Request Nos. 4, 10, 11, or 20 or that they did so in a timely manner. The Court therefore awards attorneys' fees and expenses associated with the Motion to Compel to Defendant.

### D.   Summary

The Court reminds the Parties that Federal Rule of Civil Procedure 1 directs the Parties to cooperate to conduct discovery in the interest of expediency and fairness. Fed. R. Civ. P. 1 ("These rules...should be construed, administered, and employed by the court <u>and the parties</u> to secure the just, speedy, and inexpensive determination of every action and

proceeding." (emphasis added)).   The Parties should make every effort to adhere to Rule 1 as they proceed through discovery in this case.   This includes avoiding engaging in unnecessary disputes and refraining from involving the Court in disputes, unless it is absolutely necessary.   The Court is not convinced that this dispute is one that necessarily required the Court's involvement, and the Court encourages the Parties to work diligently to conduct discovery in an expedient manner.   (See also Am. Class Disc. Scheduling Order (Docket Entry No. 62) at 2 ("The Court does not anticipate granting further extension of discovery and briefing concerning class or jurisdictional issues").)

## III.   Conclusion

ACCORDINGLY, the Court **GRANTS IN PART** and **DENIES IN PART** Defendant's Motion to Compel [57].  The Court **GRANTS** the Motion and **ORDERS** Plaintiffs to

respond fully to Defendant's First Set of Continuing Interrogatories No. 7 and First Request for Production of Documents Nos. 4, 10, 11, and 20 **WITHIN FOURTEEN DAYS OF THE DATE OF THIS ORDER**.   The Court **ORDERS** Plaintiffs Davis and Broome to produce their 2014 state and federal tax returns.  In response to Interrogatory No. 7, the Court **ORDERS** Plaintiffs to respond fully, including by indicating: (1) the specific dollar amounts that each named Plaintiff contends he or she spent out-of-pocket as a result of Defendant's alleged negligence; (2) to what type of expense each dollar amount related; (3) documents that reflect and evidence the amounts expended; and (4) any witnesses that have information about the expenses.  The Court **DENIES** the Motion **AS MOOT** to the extent it seeks unredacted 2014 tax returns that have now been produced in response to Request No. 10.

34

The Court further finds that Defendant is entitled to an award of attorneys' fees and expenses associated with the Motion and **ORDERS** counsel for Defendant to file documentation with the Court indicating the amount of attorneys' fees and expenses that Defendant claims to have incurred in connection with the Motion to Compel **WITHIN FOURTEEN (14) DAYS OF THE DATE OF THIS ORDER**. Plaintiffs may file their response, if any, to the claimed amount of attorneys' fees and expenses **WITHIN FORUTEEN (14) DAYS** after Defendant files that documentation.   Defendant shall have **FOURTEEN (14) DAYS** after Plaintiffs file a response in which to file a reply n support of its request for attorneys' fees and expenses.

IT IS SO ORDERED, this the $\underline{5}$ day of August, 2016.

_____
UNITED STATES DISTRICT JUDGE

35