IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ROME DIVISION

ERIN BISHOP, et al.,

    Plaintiffs,

v.

SHORTER UNIVERSITY, INC.,

    Defendant.

CIVIL ACTION FILE NO.

4:15-CV-0033-HLM

## ORDER

This case is before the Court on the Court's August 5, 2016, Order [64] and on Defendant's Attorneys' Fees Submission [65].

## I.   Background

On August 5, 2016, the Court entered an Order granting in part and denying as moot in part Defendant's Motion to

Compel. (Order of Aug. 5, 2016 (Docket Entry No. 64).) The Court found that Defendant was entitled to an award of attorneys' fees and expenses associated with the Motion to Compel, and ordered counsel for Defendant to file documentation with the Court within fourteen days indicating the amount of attorneys' fees and expenses that Defendant claimed to have incurred in connection with the Motion to Compel. (Id. at 35.) The Court permitted Plaintiffs to file their response, if any, to the claimed amount of attorneys' fees and expenses within fourteen days after Defendants filed their documentation. (Id.)

On August 16, 2016, Defendant filed its Attorneys' Fees Submission. (Docket Entry No. 64.) The Court finds that Defendant has complied with the August 5, 2016, Order. The fourteen-day period in which Plaintiffs could file a response to Defendant's Attorneys' Fees Submission has

expired, and the Court finds that the matter is ripe for resolution.

## II. Discussion

Defendant seeks an award of $16,323.86 in attorneys' fees and expenses associated with the Motion to Compel, including $13,257.00 in attorneys' fees associated with the Motion to Compel itself,[1] $2,489.00 in attorneys' fees associated with preparing the Attorneys' Fees Submission,[2] and $577.86 in research expenses. (Attorneys' Fees Submission ¶¶ 19, 26, 31-35.)

"The starting point in fashioning an award of attorney's fees is to multiply the hours reasonably expended by a reasonable hourly rate." Loranger v. Stierheim, 10 F.3d 776,

---

[1] This amount includes charges for 71.1 hours of work by Defendant's attorneys. (Attorneys' Fees Submission (Docket Entry No. 65) ¶ 19.)

[2] This amount includes charges for 13.1 hours of work by Defendant's attorneys. (Attorneys' Fees Submission ¶¶ 33-34.)

781 (11th Cir. 1994). "This 'lodestar' may then be adjusted for the results obtained." Id. Although the Court has wide discretion in determining an award of attorneys' fees, the Court "must articulate the decisions it made, give principled reasons for those decisions, and show its calculation." Id. (internal quotation marks and citations omitted). Plaintiff, as the party seeking attorneys' fees, bears "'the burden of establishing entitlement and documenting the appropriate hours and hourly rates.'" ACLU of Ga. v. Barnes, 167 F.3d 423, 427 (11th Cir. 1999) (quoting Norman v. Hous. Auth. of City of Montgomery, 836 F.2d 1292, 1304 (11th Cir. 1988)).

Here, Defendant's counsel seeks compensation at a rate of $190.00 per hour for partners who performed work on this case[3] and $160.00 for an associate who performed work

---

[3] Specifically, Defendant's counsel alleges, that, in connection with the Motion to Compel and the related Attorneys'

4

on this case.[4]  (Davis Aff. ¶¶ 4-9.)  According to Defendant's counsel, those hourly rates "are significantly below the market rate," and are below counsel's "normal and customary rates," as counsel have "agreed to represent [Defendant] in this case at discounted insurance and institutional rates."  (Id. ¶ 13.)

The Court determines that the hourly rates requested by Defendant are reasonable.  "A reasonable hourly rate is the prevailing market rate in the relevant legal community for similar services by lawyers of reasonably comparable skills,

---

Fees Submission, the following partners devoted time to the case: (1) J. Anderson Davis spent 12.1 hours at an hourly rate of $190.00; (2) A. Franklin Beacham, III spent 3.9 hours at an hourly rate of $190.00; (3) Samuel L. Lucas spent 15.8 hours at an hourly rate of $190.00; and (4) Lee B. Carter spent 42 hours at an hourly rate of $190.00.  (Aff. of J. Anderson Davis (Docket Entry No. 65-1) ¶¶ 4-7.)

[4]   According to Defendant's counsel, a single associate, D. Harley Yancey IV, spent 10.4 hours at an hourly rate of $160.00 in connection with the Motion to Compel.  (Davis Aff. ¶ 8.)

experience, and reputation." Norman, 836 F.2d at 1299. "The party seeking attorney's fees bears the burden of producing 'satisfactory evidence that the requested rate is in line with prevailing market rates.'" Loranger, 10 F.3d at 781 (quoting Norman, 836 F.2d at 1299). "A court, however, 'is itself an expert on the question and may consider its own knowledge and experience concerning reasonable and proper fees and may form an independent judgment.'" Id. (quoting Norman, 836 F.2d at 1303).

Generally, the "relevant legal community," for purposes of determining prevailing market rates, "is that of the place where the case is filed." Cullens v. Ga. Dep't of Transp., 29 F.3d 1489, 1494 (11th Cir. 1994). The Court, however, may "consider a different legal market if it appears unlikely that there would be any attorneys in the local market who would be willing to take the case and who would possess sufficient

6

expertise in the area of law involved." Gay Lesbian Bisexual Alliance v. Sessions, 930 F. Supp. 1492, 1495 (M.D. Ala. June 6, 1996). Plaintiffs filed this case in the Rome Division of the United States District Court for the Northern District of Georgia. The Rome, Georgia, legal market consequently is the relevant legal market for determining a reasonable hourly rate.

The Court finds that the rates claimed by Defendant's counsel are below the reasonable hourly rate for attorneys with similar experience and abilities. In City of Rome, Ga. v. Hotels.com, L.P., Civil Action File No. 4:05-CV-0249-HLM, the Court compensated liaison counsel for the plaintiffs, from the same law firm representing Defendant in this action, at hourly rates that were significantly above the rates charged by Defendant's counsel here. In another 2012 case, the Court awarded Atlanta and Cartersville attorneys with

significant legal experience hourly rates of $375.00, while compensating an Atlanta associate attorney and an Atlanta paralegal at hourly rates of $200 and $90, respectively. Zimmerman v. Paulding Cnty. Bd. of Educ., Civil Action File No. 4:12-CV-0112-HLM (Docket Entry No. 39), slip op. at 26-27 (N.D. Ga. Sept. 13, 2012) (unpublished).  As recently as March of this year, the Court found that $350.00 was a reasonable hourly rate for a Rome attorney with significant experience. PFLC, LLC, d/b/a Signature Hospitality Carpets, LLC v. Crypton, Inc., Civil Action File No. 4:14-CV-0164-HLM (Docket Entry No. 98), slip op. at 46-47 (N.D. Ga. Mar. 28, 2016) (unpublished).  Here, the Court finds that an hourly rate of $190 for partners and $160 for associates is reasonable given the relevant market and the experience and expertise of Defendant's counsel.

The Court next must assess the reasonableness of the hours claimed by Defendants. Defendant's counsel claim to have spent 71.1 hours on work associated with the Motion to Compel, all of which was attorney time. (Attorneys' Fees Submission ¶¶ 19, 26.) Normally, the Court would find that 71.1 hours is an excessive amount of attorney time to devote to a Motion to Compel and the related materials; however, the Court recognizes that the discovery in this case was voluminous and that Defendant's counsel spent a significant amount of attorney time reviewing materials and attempting to resolve this matter informally with Plaintiffs' counsel. Further, Plaintiffs have not objected to these hours. The Court therefore finds that the 71.1 hours of work devoted to the Motion to Compel were reasonable and necessary.

Defendant also claims 13.1 hours of time associated with preparing the Attorneys' Fees Submission. (Attorneys'

Fees Submission ¶ 33.) Generally, a party may recover for time spent preparing a fee petition. Kennedy v. Avondale Estates, Ga., Civil Action No. 1:00-CV-1847-JEC, 2007 WL 842125, at *4 (N.D. Ga. Mar. 15, 2007); see also Gaylor v. Greenbriar of Dahlonega Shopping Ctr., Inc., 2014 WL 2195719, at *8 (N.D. Ga. May 27, 2014) (noting that a party can recover fees for the amount of time relating to preparing a fee petition). Although the number of hours that Defendant's counsel devoted to the fee petition is significant, Plaintiffs have not objected to those hours and the Court cannot determine that the number of hours spent were unreasonable. See Gaylor, Civil Action No. 2:12-CV-00082-RWS, 2014 WL 2195719, at *8 (noting that 18.1 hours of research and 42.3 hours for drafting a substantial fee petition were not unreasonable per se). The Court therefore will

permit Defendant to recover for the attorney hours associated with the fee petition.

Finally, Defendant requests reimbursement for $577.86 in research expenses associated with the Motion to Compel. (Attorneys' Fees Submission ¶ 32.) The Court finds that those expenses are recoverable as part of the attorneys' fees associated with the Motion to Compel. See Johnson v. Univ. Coll. of Univ. of Ala. in Birmingham, 706 F.2d 1205, 1209 (11th Cir. 1983) (noting that computer expenses may be recoverable in a fee petition under 42 U.S.C. § 1988); U.S. ex rel. Century Fire Protection, LLC v. Ace Eng'g, Inc., No. 3:09CV203/MCR/EMT, 2011 WL 6960819, at *6 (N.D. Fla. Nov. 14, 2011) ("As to the request to be reimbursed for computer-assisted research, in this circuit the expense of such research may be compensable as part of attorneys' fees when such fees are awarded."); see also Evans v.

11

Books-A-Million, 762 F.3d 1288, 1289 n.8 (11th Cir. 2014) ("Other circuits have held that reasonable expenses for legal research and postage may be awarded as attorneys' fees under § 1988.").[5]  Here, Defendant has submitted documentation substantiating the charges for online legal research (Davis Aff. Ex. A), while Plaintiffs have not objected to those charges.  The Court finds that the research expenses were reasonably necessary for the Motion to Compel, and will permit Defendant to recover those expenses.

---

[5] Defendant, however, could not recover online computer research expenses under 28 U.S.C. § 1920's provisions, which apply to costs claimed in a bill of costs. See Brewer-Giorgio v. Bergman, 985 F. Supp. 1478, (N.D. Ga. Sept. 26, 1997) ("Title 28, U.S.C. § 1920 limits the types of costs which a court may award to a prevailing party. As this court and other courts have recognized before, the statute does not provide for the recovery of legal research costs." (citations omitted)).

12

In sum, Defendant may recover $16,323.86 in attorneys' fees and expenses associated with the Motion to Compel. This amount includes compensation for $13,257.00 in attorneys' fees associated with the Motion to Compel, $2,489.00 in attorneys' fees associated with preparing the Attorneys' Fees Submission, and $577.86 in online research expenses.

## III. Conclusion

ACCORDINGLY, the Court **ORDERS** Plaintiffs to, **WITHIN FORTY-FIVE DAYS AFTER THE DATE OF THIS ORDER**, pay to Defendant $16,323.86 in attorneys' fees expenses related to the Motion to Compel.

IT IS SO ORDERED, this the 2nd day of September, 2016.

_____
UNITED STATES DISTRICT JUDGE