FILED IN OPEN COURT
10-17-17
James N. Hatten, Clerk
By: [signature]
Deputy Clerk

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ROME DIVISION

| | | |
|---|---|---|
| ERIN BISHOP, HOLLIE DAVIS, ASHLEY OWENS, CHARLSIE BROOME, AMANDA ALBERTSON, KASEY GREEN, ELIZABETH CLARK, TYLER WILLIAMS, BRANDON DYER, CHELSEA BREWINGTON, and JOSEPH HINCHMAN, Individually and on Behalf of All Others Similarly Situated, | : : : : : : : : : : : | |
| Plaintiffs, | : : | |
| v. | : : : | 4:15-cv-00033-HLM |
| SHORTER UNIVERSITY, INC., | : : | |
| Defendant. | : | |

## FINAL ORDER CERTIFYING SETTLEMENT CLASS, APPROVING SETTLEMENT, AWARDING INCENTIVE FEES TO CLASS REPRESENTATIVE AND AWARDING ATTORNEYS' FEES AND EXPENSES TO CLASS COUNSEL

This matter came before the Court on Plaintiffs' Unopposed Motion for Final Approval of the Settlement, Certification of the Settlement Class (Doc. No. 90), and Plaintiff's Unopposed Motion for Approval of Attorneys' Fees, Costs and Expenses and Service Award to Plaintiffs as Class Representatives (Doc. No. 91).[1]

---

[1] For purposes of this Order, the Court adopts the defined terms as set forth in the Settlement Agreement (ECF No. 80-1.).

The Court previously granted preliminary approval of the proposed Settlement Agreement (hereinafter, "Settlement") reached by and between Plaintiffs and Defendant. *See* ECF No. 86 (Preliminary Approval Order). Notice of the Settlement has now been disseminated to Class Members pursuant to the Notice Program set forth in the Settlement Agreement. Plaintiffs now seek final certification of the Settlement Class and final approval of the Settlement Agreement. The Class Representative also seeks approval of a service award to the Class Representative and attorney's fees, costs and expenses for Class Counsel.

The Court has reviewed and considered Plaintiffs' Unopposed Motion for Final Approval of the Settlement, Certification of the Settlement Class and Plaintiffs' Motion for Approval of Attorneys' Fees, Costs and Expenses, and Service Award to Plaintiffs as Class Representatives. For the reasons set forth below, the Court grants these motions and finds that (1) an award in the amount of $65,000.00 for attorneys' fees, costs and expenses, (2) settlement administration expenses in the amount of $18,000.00, and (3) and service award payments to each of the Settlement Class Representatives in the amount of $1,000, is fair and reasonable.

## I.   HISTORY OF LITIGATION

This case stems from a class action complaint that Plaintiffs filed against Defendant, wherein Plaintiffs alleged that Defendant lost certain highly confidential information of Plaintiffs and class members in violation of their

important privacy rights. After mediation, Plaintiffs reached a class-action settlement with Defendant that is the subject of this Order.

## II. FINDINGS OF FACT AND CONCLUSIONS OF LAW

### 1. The Settlement Class Meets the Rule 23 Requirements

When a settlement is reached before class certification, the court must determine whether the proposed settlement class is appropriate for certification. *See* FEDERAL JUDICIAL CENTER, MANUAL FOR COMPLEX LITIGATION § 21.632 (4th ed. 2014); *Amchem Products, Inc. v. Windsor*, 521 U.S. 591, 613-614 (1997). Certification of a settlement class is appropriate when the four requirements of Rule 23(a) and at least one subsection of Rule 23(b) are satisfied. *See Columbus Drywall*, 258 F.R.D. at 553; *see also* MANUAL FOR COMPLEX LITIGATION § 21.632.

Rule 23(a) of the Federal Rules of Civil Procedure has the following requirements for class certification: "(1) the class is so numerous that joinder of all members is impracticable; (2) there are questions of law or fact common to the class; (3) the claims or defenses of the representative parties are typical of the claims or defenses of the class; and (4) the representative parties will fairly and adequately protect the interests of the class." FED. R. CIV. P. 23(a). Courts often refer to these factors as numerosity, commonality, typicality, and adequacy. *See, e.g., Davis v. Coca-Cola Bottling Co.*, 516 F.3d 955, 966 (11th Cir. 2008).

Rule 23(b)(3) requires that "the questions of law or fact common to class members predominate over any questions affecting only individual members, and that a class action is superior to other available methods for fairly and efficiently adjudicating the controversy." FED. R. CIV. P. 23(b)(3).

For the reasons set forth in Plaintiffs' Memorandum of Law in Support of Plaintiffs' Motion for Preliminary Approval of Class Settlement (Doc. No. 80), and Plaintiffs' Unopposed Motion for Final Approval of the Settlement (Doc. No. 90), the Court finds that the Settlement Class Meets the Rule 23 Requirements.

2. **The Settlement is Fair, Adequate, and Reasonable**

In deciding whether to approve the settlement, the Court must analyze whether it is "fair, adequate, reasonable, and not the product of collusion." *Leverso v. Southtrust Bank*, 18 F.3d 1527, 1530 (11th Cir. 1994); *see also Bennett v. Behring Corp.*, 737 F.2d 982, 986 (11th Cir. 1984). The Eleventh Circuit has identified six factors to be considered in the analysis:

> (1) the likelihood of success at trial; (2) the range of possible recoveries; (3) the point on or below the range of possible recoveries at which a settlement is fair, adequate and reasonable; (4) the complexity, expense and duration of litigation; (5) the substance and degree of opposition to the settlement; and (6) the stage of the proceedings at which the settlement was achieved.

*Columbus Drywall*, 258 F.R.D. at 558-59 (quoting *Bennett v. Behring Corp.*, 737 F.2d 982, 986 (11th Cir. 1984)).

For the reasons set forth in Plaintiffs' Unopposed Motion for Final Approval of the Settlement, Certification of the Settlement Class (Doc. No. 90), the Court finds that the *Bennett* factors have been met and that the settlement is fair, adequate and reasonable.

3. **The Notice Program, As Implemented, Satisfied Due Process and Rule 23.**

The Court finds that the notice sent to Settlement Class members satisfies due process. The notice program provided individual notice to Settlement Class Members who could reasonably be identified from Shorter University's records. The Settlement Administrator also established a settlement website in the form agreed to by the parties and the Court. In addition to the notices, the website included information about the Settlement, related case documents, and the Settlement Agreement. In addition, the notice itself was understandable, described the litigation, set forth the terms of the settlement, and contained all of the information reasonably necessary for a class member to exercise its rights. Accordingly, the class was provided with the best notice practicable under the circumstances and that the notice program, as implemented, satisfies the requirements of due process and Rule 23.

4. **Service Awards**

Class Counsel seeks a service award of $1,000 for each Settlement Class

Representative. The Court finds this amount is fair and appropriate in this case. The Class Representatives faithfully fulfilled their fiduciary obligations to the Settlement Class and were not motivated to do so by financial reward. They have each been active participants in all aspects of this litigation. Moreover, they understood the tensions inherent in the case, the benefits and risks associated with continuing litigation, and the need to protect the rights of Settlement Class members. For purposes of settlement, the Court further finds that the incentive award is not tantamount to a payment for damages; rather the award represents remuneration for the services performed for the benefit of the Settlement Class and reflects the amount of time and effort spent by the Class Representatives, the duration of the litigation, and their role to the Settlement Class in commencing the suit. Finally, the Court notes that the record is clear that the Class Representatives negotiated the settlement terms before there was a discussion of an incentive award to the Class Representatives and all negotiations were free from fraud or collision. The evidence was established by an impartial mediator, the Class Representatives and the attorneys for the Class Representatives. For purposes of settlement, the Court finds that the incentive award of $1,000 to each Class Representative for the significant work and responsibility that went into the case is fair and reasonable.

## 5. Attorneys' Fees, Costs and Expenses

The Settlement Agreement provides that Defendant will pay Plaintiffs' Counsel Attorneys' fees, costs and expenses of up to $65,000.00. It is common for parties to a class action settlement to agree that a defendant will pay attorneys' fees to plaintiffs' counsel. Such an arrangement poses no particular problem for court approval, so long as the amount of the fee is reasonable under the circumstances. Rule 23(h) of the Federal Rules of Civil Procedure incorporates this principle and provides: "In an action certified as a class action, the court may award reasonable attorney fees and nontaxable costs authorized by law *or by agreement of the parties.*" Fed. R. Civ. P. 23(h) (emphasis added).

Federal courts at all levels encourage litigants to resolve fee issues by agreement whenever possible. As the United States Supreme Court explained, "[a] request for attorney's fees should not result in a second major litigation. Ideally, of course, litigants will settle the amount of a fee." *Hensley v. Eckerhart*, 461 U.S. 424, 437 (1983); *see also Johnson v. Ga. Highway Express, Inc.*, 488 F.2d 714, 720 (5th Cir. 1974) ("In cases of this kind, we encourage counsel on both sides to utilize their best efforts to understandingly, sympathetically, and professionally arrive at a settlement as to attorney's fees."). Accordingly, courts are permitted to award attorneys' fees, costs and expenses where all parties have agreed to the amount, subject to court approval. Indeed, the Supreme Court has suggested that

7

such agreements be encouraged as a matter of public policy. *Hensley,* 461 U.S. at 437 ("A request for attorneys' fees should not result in a second major litigation. Ideally, of course, litigants will settle the amount of the fee.").

In *In re Continental. Sec. Litig.,* 962 F.2d 566 (7th Cir. 1992), Judge Posner of the Seventh Circuit endorsed a market-based approach to evaluating fee requests. According to Judge Posner, "it is not the function of judges in litigation to determine the equivalent of the medieval just price." *Id.* at 568. "It is to determine what the lawyer would receive if he were selling his services in the market rather than being paid by court order." *Id.* "Markets know market values better than judges do." *Id.* at 570. "'The object in awarding a reasonable attorney's fee is to give the lawyer what he would have gotten in the way of a fee in an arms' length negotiation, had one been feasible." *Id.* at 572.

The court in *In re First Capital Holdings Corp. Fin. Prod. Sec. Litig.,* MDL No. 901, 1992 WL 226321, at 4 (C.D. Cal. June 10, 1992), appeal dismissed, 33 F.3d 29 (9th Cir. 1994), echoed Judge Posner's reasoning in awarding a negotiated fee of $8 million. As the *First Capital* court noted, the fee was negotiated at arm's length with sophisticated defendants by the attorneys who were intimately familiar with the case, the risks, the amount and value of their time, and the nature of the result obtained for the class. Where there is such arm's length negotiation and there is no evidence of self-dealing or disabling conflict of interest, the Court is

reluctant to interpose its judgment as to the amount of attorneys' fees in the place of the amount negotiated by the adversarial parties in the litigation. *Id.*

Having considered the arguments and evidence presented by Class Counsel, the Court finds that the requested fees, costs and expenses of $65,000.00 are reasonable, and will be awarded to Class Counsel.

### III. FINAL ORDER AND JUDGMENT

**NOW THEREFORE,** after consideration of all motions, memoranda in support, declarations, argument of counsel, and being otherwise duly advised in the premises, it is **ORDERED and ADJUDGED** as follows:

1. Plaintiffs' Motion for Entry of an Order Approving Defendant's Payment of Agreed Upon Incentive Awards to Class Representative and Attorney's Fees, Costs and Expenses **is GRANTED.** The Court awards $65,000.00 in attorneys' fees and costs, and an incentive award in the amount of $1,000 to each Class Representative. Defendant shall pay the award of attorneys' fees and expenses to Class Counsel and incentive award to Class Representative in accordance with the terms of the Settlement Agreement.

2. For purposes of this Final Order and Judgment, the Court adopts and incorporates the definitions and meanings of the defined terms set forth in the Parties' Settlement Agreement.

3. Plaintiffs 'Motion for Final Certification of Settlement Class, Final Approval of Class Action Settlement, and Entry of Final Judgment and Order **is GRANTED.**

4. As of the date this judgment becomes final (meaning that the time for appeal has expired with no appeal taken, all appeals are resolved and none are left pending, or this judgment is affirmed after completion of the appellate process), the Class Representatives and the Settlement Class members, excepting only those individuals, if any, who effectively excluded themselves from the settlement in accordance with the terms of the class notice, shall be forever barred from bringing or presenting any action or proceeding against any of the parties released by the terms of the Settlement Agreement that involve or assert any of the claims released by that Settlement Agreement. The Class Representative and Settlement Class members, excepting only those individuals, if any, who effectively excluded themselves from the settlement in accordance with the terms of the class notice, shall be deemed to have released and forever discharged the Released Parties, as defined in the Settlement Agreement, from all claims released by the Settlement Agreement. All relief not expressly granted to the Settlement Class members through the Settlement Agreement is denied. The Settled Claims, as defined in the Settlement Agreement, are hereby compromised, settled, released, discharged, and dismissed as against the Released Parties on the merits and with

prejudice by virtue of the proceedings herein and this Order of Final Approval and Final Judgment.

5. The Amended Complaint in this action is hereby **DISMISSED WITH PREJUDICE.**

6. The Court expressly approves each and every term contained in the Parties' Settlement Agreement. Without limiting the foregoing, the Court specifically approves the claims process and procedure set forth in the Settlement Agreement.

7. The Court reserves continuing and exclusive jurisdiction over the parties with respect to all matters relating to this Settlement Agreement, including the administration, interpretation, effectuation, and enforcement of the Settlement Agreement and this Final Judgment and Order. The Released Parties and each member of the Settlement Class are subject to the exclusive jurisdiction and venue of the United States District Court for the Northern District of Georgia for any suit, action, proceeding, case, controversy, or dispute relating to the Settlement Agreement that is the subject of this final judgment. All Settlement Class members, excepting only those individuals, if any, who effectively excluded themselves from the settlement in accordance with the terms of the class notice, and all persons and entities in privity with them, are barred and enjoined from commencing or continuing any suit, action, proceeding, case, controversy, or

dispute relating to the Settlement Agreement that is the subject of this Order of Final Approval and Final Judgment.

8. This Court shall have exclusive jurisdiction and authority to rule upon and issue a final order with respect to the subject matter of any such action, suit, or proceeding whether judicial, administrative, or otherwise, which may be instituted by any person or entity, individually or derivatively, with respect to (i) the validity or enforceability of the Settlement Agreement, (ii) the authority of any Released Party to enter into or perform the Settlement Agreement in accordance with its terms, (iii) the remedies afforded by this Order of Final Approval and Final Judgment and the Settlement Agreement, or the attorneys' fees, class representatives' service awards, costs or expenses provided for in this Order of Final Approval and Final Judgment, (iv) any other foreseen or unforeseen case or controversy relating to or impacted by this Order of Final Approval and Final Judgment and Settlement Agreement, or (v) the enforcement, construction, or interpretation of the Settlement Agreement or this Order of Final Approval and Final Judgment. This reservation of jurisdiction does not limit any other reservation of jurisdiction in this Order of Final Approval and Final Judgment nor do any other such reservations limit the reservation in this sub-section.

9. The Court **DIRECTS** the Clerk to **CLOSE** this action.

IT IS SO ORDERED this 17th day of October, 2017.

_____
The Honorable Harold L. Murphy
United States District Court Judge